IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANCIS HICKMAN, individually and as personal representative of the Estate of Lewis Hickman, deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:08cv470-CSC |
| | ) | (WO) |
| STEVEN J. TERRELL; STEVEN J. TERRELL & ASSOCIATES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**[1]

In *Linetamer, Inc. v. Terrell,* 2:02cv652-WHA (M.D. Ala.),[2] Frances Hickman as

executor of the Estate of Lewis L. Hickman sued Steven J. Terrell and Steven J. Terrell &

Associates, Inc.[3] (Associates) claiming in an amended complaint that the defendants

infringed a patent, tortiuously interfered with business opportunities, breached a contract,

breached a confidentiality agreement, and damaged the plaintiffs through conspiratorial

actions intended to deprive the plaintiffs of their property.  In response, the defendants

answered and counterclaimed contending that the plaintiffs defrauded them in various

ways as well as breaching a confidentiality agreement, a purchase order agreement and a

---

[1]Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  The court heard argument on the motion on September 9, 2008.

[2]The case was removed from state court.

[3]The plaintiffs also named Gentry Machine Works, Inc. as a defendant.

letter of intent.  In addition, the counterclaimants alleged that the plaintiffs breached an indemnity agreement.

After a good bit of contentiousness and the court's resolution of the parties' motions for summary judgment, the parties settled their dispute through mediation.  On January 11, 2006, the court, pursuant to a stipulation for dismissal, dismissed the case with prejudice.

A little over two years later, the complaint in this case was filed.  Jurisdiction is founded on diversity pursuant to 28 U.S.C. § 1332(a).  The named defendants are Steven J. Terrell and Steven J. Terrell & Associates, Inc.  The plaintiff contends that the defendants breached the settlement agreement and fraudulently induced the original plaintiffs to enter into the settlement agreement.  The complaint originally was filed in the United States District Court for the Northern District of Alabama.  That court transferred the case here with a pending motion to dismiss for lack of personal jurisdiction.  The parties have briefed the motion and submitted evidentiary materials in support of and opposition to the motion.  The court heard argument on September 9, 2008.  The court concludes the motion to dismiss is due to be denied.

The propriety of a court exercising personal jurisdiction generally entails a two-step inquiry. First, the court must determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute.  Second, the court must determine whether exercising jurisdiction over the defendants would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendants have minimum contacts

with the forum state and that the exercise of jurisdiction not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The defendants do not question applicability of Alabama's long-arm statute, and, frankly, it does not matter.  In Alabama the two inquiries conflate because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible.  *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).  Thus, the minimum contacts analysis requires the court to determine whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Both defendants argue they lack sufficient minimum contacts with Alabama for the court to exercise personal jurisdiction.  In support of that argument, the defendants emphasize these facts:

- Associates is organized under the laws of Texas and has its principle place of business in Texas.

- Associates has never bought or sold goods in Alabama or contracted to supply goods or services in Alabama.

- Associates has no agents or representatives in Alabama and maintains no office in Alabama.

- Associates is not registered to do business in Alabama.

- Neither defendant owns property in Alabama.

- The only visit to Alabama by an Associates' representative was in 2000 to consider the possibility of entering into a licensing agreement with

3

Linetamer, Inc., Hickman's company.

● Steven Terrell has never conducted any personal business in Alabama, and his only contact was as president of Associates.

● Steven Terrell is a resident of Texas.

● The agreement at issue was to be performed if at all in Texas by Terrell and by Associates.

At oral argument, the defendants focused on the narrow question of whether the defendants availed themselves of the right to do business in Alabama. They argued that this is purely a breach of contract case, and because the settlement agreement was executed by them in Texas; was to be performed in Texas; and any breach occurred in Texas, they have no minimum contacts with Alabama. If all of these facts about the defendants' contacts with Alabama were the only facts, the court might be inclined to agree with the defendants that they lack minimum contacts with Alabama. But in this case, the contacts by the defendants with Alabama relating to the transaction at issue control the resolution of the question.

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 1984).

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985) (footnotes omitted).

In this diversity case, the plaintiff's claims all center on a settlement agreement

4

which arose out of litigation in this court during which the defendants availed themselves of the processes of the court by filing counterclaims against the plaintiffs.  As part of the compromise leading to this agreement, the defendants dismissed those claims as well as a claim against the estate of Lewis Hickman which was filed in the Probate Court of Montgomery County, Alabama.  In return, the defendants benefitted from the agreement when the plaintiffs dismissed their claims against the defendants.  In short, common sense dictates a view that the defendants cannot now claim unfairness or lack of foreseeability from being subjected to litigation in this forum about the same matters from which they previously derived benefits in the same forum.  *See Huff v. Pharr,* 748 F.2d 1553, 1555 (11th Cir. 1984).  This conclusion is reinforced by the choice of law provision in the settlement agreement under which the agreement is "construed in accordance with the provisions of the laws of the State of Alabama."  *See Burger King*, 471 U.S. at 482 (Choice of law provisions alone insufficient to confer jurisdiction but important in conjunction with other factors).

The requirement of personal jurisdiction represents an individual due process right, and the "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) (quotation omitted).  While it is true that the choice of law provision in the settlement agreement is not an agreement to submit to jurisdiction in this forum, the court's due process conclusion is further informed by the Secrecy and Confidentiality Agreement which Associates and Terrell individually entered into in 2001.  In that

5

agreement the parties agreed to "submit to the jurisdiction of the Courts of the State of Alabama to resolve any dispute that may arise . . . "

In short, it should come as no surprise with respect to Associates and Terrell's dealings with the plaintiff that they would be hailed into court in the State of Alabama with respect to the breach of a settlement agreement made in this state. *See Minnesota Min. and Mfg. Co. v. Nippon Carbide Industries Co., Inc.*, 63 F.3d 694 (8th Cir. 1995); *Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc.*, 933 F.Supp. 507 (M.D.N.C. 1996). The court concludes that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. Accordingly, it is

ORDERED that the motion to dismiss be and is hereby DENIED.

Done this 26th day of September, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE